## HUMBLE OIL & REFINING CO. v. JAYROE.

### No. 2645.

Court of Civil Appeals of Texas. El Paso.

March 24, 1932.

John C. Townes, Jr., R. E. Seagler, and L. W. Cutrer, all of Houston, and H. E. Wassell, of Wink, for appellant.

A. T. Folsom, of Wink, for appellee.

WALTHALL, J.

Previous to any action in this suit, the firm of Dinwiddie & Petty sued Sam Holt in the justice court of Winkler county for a grocery bill, and in said suit garnished the Humble Oil & Refining Company. The company answered fully, and by its answer relieved itself of any liability as a garnishee. The answer was not controverted.

At the time of said garnishment and answer Sam Holt, who had theretofore been employed by the garnishee company, had, with said company, what was termed an employees' stock purchase plan, being a per cent. of moneys deducted from the employees' wages and by the company held in a fund for the purchase of shares of the company's stock and to which fund the company added a certain per cent. At that time the garnishee company had retained under said plan sufficient money due Holt to pay for two shares of its stock and a small amount of money in addition. This money with which shares of stock were purchased was kept or placed in the hands of trustees appointed by the officers of the company, the personnel of said trustees changed at will by said officers, said fund remaining at all times subject to and under the control of said officers.

After the service of said garnishment, Sam Holt executed and delivered to the justice of the peace, in whose court the Dinwiddie & Petty suit was pending, an assignment of all funds garnished and then due him by the garnishee company, with the request that the justice get the money due him and settle the Dinwiddie & Petty suit and pay him any balance. The assignment was sent to the office of the company and its receipt acknowledged. A few days after the service of the garnishment and the answer of the garnishee, and the assignment by Holt and its receipt by the company, the company issued and delivered to Holt, in his name, two shares of its stock and a check for a few dollars, being the small balance due under the stock purchase plan.

Upon learning of the issuance and delivery of said two shares of stock to Sam Holt, Dinwiddie & Petty caused a second writ of garnishment to be issued and served upon the Humble Oil & Refining Company. The company answered admitting that Sam Holt was the owner of the two shares of stock in said company.

Upon receipt of the two shares of stock, Sam Holt sold the shares of stock to H. E. Wright for the sum of $110, for which Wright executed and delivered to Holt his personal check on the First National Bank of El Paso. Before said check reached the said bank, Wright discovered that the stock had been garnished as above, and stopped payment on the check.

In the meantime, Sam Holt had cashed the Wright check at the L. N. Jayroe Grocery Store, Mr. Jayroe cashing the check as an accommodation, without any notice of any infirmity in the matter of the check, and sent the check to the bank for payment through business channels. Payment was refused on account of the "stop payment" notice. The check was protested and returned with $3 protest fees added which Jayroe paid.

Under such conditions as above, Jayroe brought this suit in the justice court against H. E. Wright, Sam Holt, and Humble Oil &

Refining Company. The suit was for the amount of the check, the protest fees, and $20 as attorney fees, and resulted in a judgment in favor of plaintiff as against Holt and Humble Oil & Refining Company, and in favor of Wright. The Humble Oil & Refining Company appealed to the county court in which the case was tried to a jury, resulting in a judgment in favor of plaintiff against all three of the defendants, and from which judgment the Humble Oil & Refining Company prosecutes its appeal to this Court.

### Opinion.

The transcript of the proceedings in the justice court, filed in the county court, shows the appearance of all parties in the justice court. The cause of action is stated to be: "Suit upon dishonored check for $110.00, and protest fees $3.00. Total $113.00. Attorney's fee $20.00." The transcript shows citation issued, all parties answered by oral pleas, final judgment entered, and appeal duly perfected to the county court by the Humble Oil & Refining Company.

In the county court Humble Oil & Refining Company answered in writing pleading misjoinder of parties, demurrers, general and special, and general denial.

Holt made no answer in the county court, and Holt and Wright have filed no briefs in this court.

Plaintiff, by supplement to its oral pleading, in answer to the amended pleading of the Humble Oil & Refining Company, filed a general denial, except such admissions as had theretofore been made.

Honorable G. C. Olsen, county judge, being disqualified, the parties agreed that Honorable V. S. Gary, a member of the local bar, be chosen to serve as county judge in the trial of the case.

The appellant, Humble Oil & Refining Company, and appellee, Jayroe, have filed briefs in this appeal. The consideration of the questions presented here will necessarily be confined to issues presented between the Humble Oil & Refining Company and appellee, Jayroe.

Appellee's whole cause of action is based upon a personal check given by Wright to Holt, on an El Paso bank, and which check was not paid when presented for payment.

There is nothing in the record which, in any way, connects the Humble Oil & Refining Company with the check. No garnishment or other pleading or proceedings were had in this case which in any wise would make the Humble Oil & Refining Company liable to appellee for the payment of the check. There might have been some question between Wright and the Humble Oil & Refining Company, as suggested in Wright's

pleading in the county court, but of which we make no holding and need not discuss as such issues are not brought here.

We need not discuss the various questions presented in appellant's brief. We see no ground of liability of appellant to appellee.

The judgment of the county court as to appellant, Humble Oil & Refining Company, is reversed and rendered in favor of appellant, and as to Holt and Wright is undisturbed.

Affirmed in part, and reversed and rendered in part.